Kimberley BREAUX, Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Defendant.

and

Lori Chambers, Crystal Hamrick, Martin Persichitte, Robert W. Reffel, and Michael Whitehead, Plaintiffs,

v.

American Family Mutual Insurance Company, a Wisconsin corporation, Defendant.

Nos. CIV.A.04–N–0191(MJW), CIV.A.04–N–0539(CBS).

United States District Court, D. Colorado.

March 24, 2004.

Julie Bettencourt Cliff, The Carey Law Firm, Colorado Springs, CO, for plaintiff.

Robert W. Harris, Harris, Karstaedt, Jamison & Powers, P.C., Englewood, CO, for defendant.

## ORDER CONCERNING RELATED CASE DETERMINATION AND CONSOLIDATION

NOTTINGHAM, District Judge.

These cases come before the court on a suggestion by plaintiff's counsel in newly-filed Civil Action No. 04–N–0539 (CBS) that the case is "related" to Civil Action No. 04–N–0191(MJW). Counsel's suggestion is made on a form required by D.C.COLO. LCivR 40.1B.1. Specifically, counsel says:

> Both *Breaux v. American Family,* and this case, involve the exact same issue of American Family Mutual Insurance Company's failure to make a compliant offer of enhanced PIP benefits in violation of C.R.S. §§ 10–4–710 and 706(4)(a). Plaintiffs believe judicial economy and administrative efficiency would be well served by

assigning these two cases to the same Judge.

Accordingly, the clerk has referred the case to me pursuant to the following provision in the local rules:

> If a relationship is indicated, the case shall be referred to the judge with the earliest filed case who shall determine promptly if the case is related. If the case is related, that judge shall be assigned to handle it. If found not related, the case shall be returned to the clerk for assignment by random draw.

D.C.COLO.LCivR 40.1B.2.

The central problem confronting the court and plaintiffs at the threshold is the restrictive definition of " related cases" in the current version of the local rules: " 'Related' cases are those *involving the same parties* and common questions of law or fact." D.C.COLO.LCivR 40.1B (emphasis supplied). The rule appears plainly to require identity of parties and, as written, covers a limited set of cases—for example, an action by a patentee for infringement of a patent would be " related to" the alleged infringer' s declaratory judgment claim that the patent does not cover the infringer' s product, because the parties are the same and the cases present common questions of law and fact. The apparent purpose served by the rule is maximization of the number of cases assigned by random computerized draw and consequent minimization of opportunities for untoward judge shopping by a litigant (a plaintiff, a removing defendant, or prosecutor in a criminal case) before any adversary is heard. Whatever the purpose of the rule, this court believes it would be inconsistent with the hierarchical structure of the federal rules for an individual judge to ignore or evade the clear requirements of a local rule by a standing order or order in a specific case. *See* Fed.R.Civ.P. 83 (local rules must be " consistent with—but not duplicative of— Acts of Congress" and federal rules; and individual judges' practices must be consistent with federal law, federal rules, " and local rules of the district"). Nor does the court see any room for the exercise of discretion on the question. " If found not related, the case *shall be returned to the clerk* for

assignment by random draw." D.C.COLO. LCivR 40.1B.2. (Emphasis supplied.) Because there is not even an overlap—much less, identity—between plaintiffs in these cases, they cannot be regarded as " related."

Before the file in Civil Action No. 04–N– 0539 (CBS) is returned to the clerk, however, the court will allow any party the opportunity to move for consolidation of the two cases, pursuant to rule 42 of the Federal Rules of Civil Procedure. The premise for this delay is that the local rule on " related cases," is largely " duplicative of" (*see* Fed.R.Civ.P. 83[a][1]) federal rule 42. At the very least, application of both the local rule and the federal rule, as written, could result in unseemly, confusing, and unnecessary case shuffling among judges.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The objective of the rule is " to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995). Rule 42(a) allows a district judge to order consolidation of cases, so long as those cases are " pending" before the court. *Id.* § 2382, at 427–28.

To implement federal rule 42 and provide for orderly and timely determinations concerning consolidation, this court has adopted local rule 42.1. It provides

> A motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial. Rulings on motions to consolidate shall be given priority. Cases consolidated shall be assigned for all further purposes to the judicial officer to whom the lowest numbered consoli-

dated case previously was assigned for trial. A case not consolidated shall remain assigned to the judicial officer before whom it was pending when the motion to consolidate was filed.

There are obvious parallels between the local rules concerning determination of when two or more cases are " related" and determination of when they should be consolidated. In both instances, the pivotal decision is made by the judge to whom the earlier-filed case has been assigned. The consequences of that judge's decision are parallel: if the cases are related, they are assigned to that judge and are presumably likely candidates for consolidation, that judge having already determined that they present " common questions of law or fact"; if the cases are consolidated, they are all assigned (or reassigned) to that judge.

There are, however, two critical distinctions between determining whether cases are related and whether they should be consolidated. First, the determination as to whether a case is related is made on the *ex parte* application of one party (the plaintiff, removing defendant, or prosecutor). In some cases that is obviously because the determination must be made at a time when opposing parties are unserved and/or unrepresented in the case. In other cases, while the opposing party is represented and it would be possible for the judge to decide the issue upon notice and opportunity to be heard, that has never been the practice so far as this court is aware. In contrast, decisions to consolidate are usually made upon motion preceded by service of the motion on other parties. *See* Fed.R.Civ.P. 5, 7. The second distinction between the procedures is a consequence of the first: the court determines whether cases are related without the benefit of advocacy or contrary argument. While nothing precludes another party from later challenging an initial determination that the cases are related, such challenges are rare and require that the challenger overcome inertia to question the decision of the judge to whom the case has already been assigned. In contrast, determination that cases should be consolidated are ordinarily made only after all parties have had a chance to acquiesce in or resist the decision.

In light of the foregoing discussion, it is this court' s view that the current local rule on related cases arguably violates rule 83 of the Federal Rules of Civil Procedure because it is " duplicative of" federal rule 42. Both rules purport to serve the interest of judicial economy and administration by reference to " common questions of law or fact." Indeed, the current local rule imposes an additional requirement that the cases involve the same parties, and the only thing saving it from outright inconsistency with rule 42 is that, if the cases are determined to be unrelated, this initial determination does not appear to bind that judge' s—and it will be the same judge, under the local rules—later determination of any motion to consolidate which might be filed. The best that can be said of the local rule is that it (1) attempts to short-cut the formal consolidation process and preemptively recognize a class of cases which, in practice, will probably end up being consolidated down the road and (2) thus avoids some perceived administrative inconvenience and confusion which might result if the cases were initially assigned to different judges and then reassigned upon a motion to consolidate.

As this case demonstrates, there is another side to the argument concerning administrative inconvenience and confusion. Plaintiffs have made a plausible, even strong, showing that the interest of judicial economy and administration would be served by having the same judge decide both cases, although that showing has been made *ex parte*, as the rule provides. While experience demonstrates that many plausible showings dissolve when other views are heard, the identity of claims and defendant suggests that this case may well be among those which ultimately will be consolidated for some purpose. If Civil Action No. 04–N–0539 (CBS) is deemed unrelated, as the rule requires, and is re-drawn to a different judge, there will be administrative inconvenience if a motion to consolidate is granted, and the case is reassigned to this court.

In light of the foregoing considerations, the court

**ORDERS** as follows:

1. The cases are determined to be not " related" for purposes of applying D.C.COLO.LCivR 40.1B.2.

2. This order shall be served on all parties in both cases.

3. On or before March 30, 2004, any party wishing to do so may file a motion to consolidate the cases. The motion shall comply with local rule 7.1A. If opposition is indicated, any party opposing consolidation, shall file the written opposition by April 1, 2004. The court will give priority to the motion and determine it promptly.

4. If no motion to consolidate is filed, or if the court denies any motion to consolidate, the judge's file shall forthwith be delivered to the intake clerk for reassignment by random draw.